IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

OLLIE LEE EVANS                                                                                            PLAINTIFF

VS.                                                                              CIVIL ACTION NO. 2:11cv87-MTP

SARAH JAMES                                                                                            DEFENDANT

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [29] filed by Defendant Sarah James.  Having reviewed the submissions of the parties and the applicable law, the court finds that Defendant's Motion for Summary Judgment [29] should be denied.

### FACTUAL BACKGROUND

Plaintiff Ollie Lee Evans, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on April 12, 2011.  Through his complaint, and as clarified during his *Spears*[1] hearing, Plaintiff alleges that Defendant Sarah James, Director of the GED program at South Mississippi Correctional Institution ("SMCI"), denied his admission to the GED program based on his race and age.  *See* Omnibus Order [22].  Plaintiff's claims occurred while he was incarcerated SMCI, where he is currently incarcerated.  Plaintiff seeks monetary damages and unspecified injunctive relief, presumably admission into the GED program.

### STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendant demonstrates that there is no genuine issue of material

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff's *Spears* hearing took place on December 1, 2011.

1

fact and that she is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), are not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683

(quoting 42 U.S.C. § 1983).

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted).  The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The Equal Protection Clause of the Fourteenth Amendment demands that persons similarly situated be treated equally.  *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999).  In order to state a claim under the Equal Protection Clause, Plaintiff must show that a state actor intentionally discriminated against him because of his membership in a protected class. *Williams*, 180 F.3d at 699.

Plaintiff alleges that Defendant Sarah James, Director of the GED program at SMCI, denied his admission to the GED program based on his race and age.  He testified during his omnibus hearing that he has been trying to gain admission into the program since 2007.  He claims that Ms. James told him she normally likes the participants to be under twenty-five years old, but that she seldom lets older participants in.  He testified that on another occasion, Ms. James talked to "everyone" that was trying to get into the program except for him.  He further testified that most GED participants are either Caucasian or members of the Aryan Brotherhood, but there are a few African Americans.

Plaintiff is African American, and thus is a member of a protected class.  The court finds that genuine issues of material fact exist as to whether Ms. James intentionally discriminated

against Plaintiff due to his race. In her affidavit, Ms. James affirmatively states that she never denied Plaintiff access to the GED program due to his race or his age, and states that from January 23, 2011 to January 23, 2012, approximately 68% of the participants in the GED program were African American. *See* Ex. A to Motion [29-1]. However, she fails to articulate <u>any</u> reason why Plaintiff was denied admission into the GED program. *Id.*

Plaintiff also alleges he was denied admission to the GED program based on his age; Plaintiff is fifty-three years old. Plaintiff's age does not constitute membership into a protected class, thus, in order to have an equal protection claim based on his age, Plaintiff must "[show] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nance v. New Orleans & Baton Rouge Steamship Pilots' Ass'n*, 174 Fed. App'x 849, 854 (5th Cir. Apr. 10, 2006) (citations omitted) (brackets in original); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) (internal citations omitted) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration . . . ; however, if the state provides educational or vocational opportunities to its prisoners, it cannot deny equal access to such services to all prisoners absent a rational basis."); *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 3 (10th Cir. 2000). Alternatively, Plaintiff may show that a government policy or procedure was selectively enforced against him, by showing that "the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Nance*, 174 Fed. App'x at 854.

For the same reasons set forth above under Plaintiff's race allegations, the court finds that genuine issues of material fact exist as to whether he was intentionally treated differently than

other inmates similarly situated due to his age, and as to whether there was a rational basis for the difference in treatment. *Id.* While Ms. James states that from January 23, 2011 to January 23, 2012, approximately 30% of the participants in the GED program were over the age of forty, she fails to articulate the reason that Plaintiff was denied access to the program. *See* Ex. A to Motion [29-1]. Moreover, the statistics for the make-up of the GED program provided by Defendant only covers one year. Plaintiff alleges he has been trying to enroll in the program from 2007 through the present.

Ms. James also claims she is entitled to qualified immunity for Plaintiff's claims against her in her individual capacity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Courts evaluating the issue of qualified immunity should conduct the following two-prong test: 1) "whether a constitutional right would have been violated on the facts alleged[;]" and 2) "whether the right was clearly established." *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir. 2002) (en banc) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). In the recent decision of *Pearson*, the Supreme Court receded from its holding in *Saucier v. Katz*, 533 U.S. 194 (2001), holding that "while the sequence [of the two-prong test] set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory." *Pearson*, 129 S. Ct. at 818. "Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon*, 305 F.3d at 323.

At the time the Plaintiff's allegations occurred, it was clearly established by law that

racial discrimination and irrational age discrimination were prohibited.  *See Brown v. Cochran*, 171 F.3d 1329, 1333 (11th Cir. 1999); *Felton v. Polles*, No. Civ.A. 3:99CV200LN, 2000 WL 33968259, at *2 (S.D. Miss. Jan. 14, 2000); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000).  Based on the Plaintiff's sworn allegations in his complaint, his sworn *Spears* testimony, and his response in opposition to the motion, Plaintiff has sufficiently raised genuine issues of material fact as to whether Ms. James' conduct was objectively unreasonable in light of the legal rules that were clearly established at the time of her actions.  Indeed, as stated above, the court is unaware of what actions Ms. James took in denying Plaintiff's admission to the GED program or why he was denied admission.

## CONCLUSION

For the reasons stated above, the court finds that Defendant's Motion for Summary Judgment [29] should be denied.  In reaching this conclusion, the court makes no finding that Plaintiff's claims will ultimately be meritorious.  Accordingly,

IT IS, THEREFORE, ORDERED:

That Defendant's Motion for Summary Judgment [29] is DENIED.  This matter will be set for trial by separate order.

SO ORDERED this the 20th day of July, 2012.

s/ Michael T. Parker
United States Magistrate Judge