IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

OLLIE LEE EVANS                                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO. 2:11cv87-MTP

SARAH JAMES                                                                       DEFENDANT

**ORDER**

THIS MATTER is before the court on the following motions filed by Plaintiff: Motion to Amend Complaint [82], Motions in Limine [83][84], Motion to Appoint Counsel [87], and Motion for Recusal and for Jury Trial [88]. Having considered the motions and the applicable law, the court finds that the motions should be denied.

In his Motion to Amend [82], Plaintiff seeks to add a claim against "Mrs. L.T.D. Brewer" for forging his name on certain documents. He seeks to add a similar claim against Defendant Sarah James. Plaintiff has previously filed a substantially similar motion [79], which was denied by the court. *See* Order [80]. As with Plaintiff's previous motion, the court finds that the motion is untimely and should be denied. Discovery is complete, the motions deadline has long since passed, and the pretrial conference has been held. Plaintiff filed this Motion [82] less than one month prior to trial, set for November 5, 2012. *See* Pretrial Order [74].

In his Motions in Limine [83][84], Plaintiff seeks an order preventing Defendant from introducing evidence regarding his conviction and sentence. This matter is set for a bench trial. Without a jury, motions *in limine* generally serve no real purpose. *See* 75 Am. Jur. 2d *Trial* § 45 (West 2009) (stating "the use of a motion in limine to exclude evidence in a case tried by the court without a jury has been disapproved on the grounds that it can serve no useful purpose in a nonjury case"); Fed. R. Evid. 103(c) ("In jury cases, proceedings shall be conducted, to the

extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury."). The court finds that the motions are unnecessary and should be denied. In the event such evidence is offered at trial, Plaintiff may state his objections at that time.

Plaintiff's Motion to Appoint Counsel [87] is denied for the same reasons set forth in the court's Order [71] denying his previous motion for counsel. Plaintiff alleges no new facts demonstrating exceptional circumstances warranting the appointment of counsel.

Plaintiff's Motion for Recusal [88], for change of venue, and for a jury trial is denied. Plaintiff moves for the undersigned to recuse and for a change of venue because he claims the undersigned has shown favoritism and partiality towards MDOC Officials. Plaintiff provides no support for his conclusory allegations. Plaintiff's motion is without merit and should be denied. *See United States v. Fraley*, 9 F.3d 103 (5th Cir. 1993) (stating that conclusory allegations that the magistrate judge was biased were legally insufficient to require recusal); *see also United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (stating that "adverse rulings in a case are not an adequate basis for demanding recusal").

Finally, Plaintiff's untimely demand for a jury trial should be denied. Rule 38 states that "a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served . . . and filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). The "last pleading" referenced in Rule 38 "usually means an answer or a reply to a counterclaim." *In re Texas Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995). If a party fails to properly serve and file his jury demand in accordance with Rule 38, he waives his right to a jury trial. Fed. R. Civ. P. 38(d); *see also Raspberry v. Johnson*, 281 F.3d 1279, 2001 WL 1692494, at *1 (5th Cir. Nov. 29, 2001) (holding that plaintiff waived his right to a jury trial since he failed to

serve his jury demand in accordance with Rule 38(b)); *Crockett v. Thorne*, 71 F.3d 878, 1995 WL 726574, at *4 (5th Cir. Nov. 17, 1995).

Plaintiff's motion for a jury trial comes over one year after the "last pleading" was filed, far beyond the fourteen-day limit set forth in Rule 38(b). *See* Answer [14] filed 10/20/11. Other than the instant Motion [88] filed on October 30, 2012, the only reference to a jury the court was able to locate was at the top of Plaintiff's Statement of Disputed Factual Issues [39] filed on April 13, 2012, almost six months after the "last pleading" was filed. Moreover, Plaintiff did not mention a jury demand during the pretrial conference held on September 27, 2012. Plaintiff's Motion [88] demanding a jury was filed less than one week from the scheduled trial date. Accordingly, Plaintiff's motion for a jury trial should be denied. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (holding that plaintiff, a *pro se* prisoner, waived his right to a trial by jury since the first indication of a jury demand was made months after the defendant filed his answer, which was well beyond the ten-day limit set forth in Rule 38). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion to Amend Complaint [82], Motions in Limine [83][84], Motion to Appoint Counsel [87], and Motion for Recusal and for Jury Trial [88] are DENIED.

2. It is the Plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this 2nd day of November, 2012.

s/ Michael T. Parker
United States Magistrate Judge

3